**THERESA STEPHEN, Plaintiff**

**v.**

**ANTIGUA BREWERY, LTD. and CANEEL BAY, INC.,**
**Defendants**

Civ. No. 1998-202

District Court of the Virgin Islands

Division of St. Thomas and St. John

March 3, 2000

KENITH W. ROGERS, ESQ., St. Thomas, U.S.V.I., *for plaintiff*

HENRY C. SMOCK, ESQ., St. Thomas, U.S.V.I., *for Bellows Int'l, Ltd.*

Moore, *Judge*

## MEMORANDUM

On February 9, 2000, plaintiff Theresa Stephen ["Stephen"] demanded the reinstatement of Bellows International, Ltd. ["Bellows"] as a defendant, the return of her bond, and the recusal of the undersigned judge from this case. The Court will reinstate Bellows as a defendant to these proceedings and deny the plaintiff's other requests.

## FACTUAL SUMMARY

Last May, Bellows served a notice on Stephen, who resides in Maryland, requesting security for costs that the Court could award

at the conclusion of the case. Although the *Virgin Islands Code* states that out-of-state plaintiffs must guarantee or provide security for such costs upon request,[1] Stephen did not respond to the defendant's motion, offer a guarantee, or deposit security for costs with the Clerk of Court. Several months later, Bellows moved to dismiss Stephen's complaint for failure to respond to its request for security. (See Def.'s Mot. to Dismiss, Nov. 12, 1999, at 1 (citing 5 V.I.C. § 547(d)).) The Court reserved ruling on that motion and directed Stephen to post a modest security for costs in the amount of one thousand dollars by January 10, 2000. (See Order, Dec. 9, 1999.)

No response from the plaintiff was evident on January 11, 2000, when Bellows renewed its motion to dismiss for failure to post security for costs. Stephens did not respond to this motion, so the Court dismissed Bellows as a defendant. (See Order, Feb. 2, 2000.) One week later, Stephen submitted the demands discussed in this Memorandum. Attached to that pleading was documentary evidence that her attorney had submitted $1,000 security on January 10th, the deadline set by the Court. (*See* Pl.'s Mot., Feb. 9, 2000, Ex. A.)

## DISCUSSION

The plaintiff's terse demand for disqualification invokes title 28, section 455 of the United States Code, which states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. . . . [or w]here he has a

---

[1] *See* V.I. CODE ANN. tit. 5, § 546:

> (a) If the plaintiff resides out of the Virgin Islands or is a foreign corporation, the defendant may serve a notice requiring security for the costs which may be awarded against the plaintiff. After the service of such a notice, all proceedings in the action shall be stayed until security is given by the plaintiff.
> . . . .
> (c) Security shall be given under this section either —
> (1) after notice by filing with the clerk an undertaking with sufficient sureties to the effect that they will pay such costs as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $1000; or
> (2) pursuant to court order by making a deposit with the clerk such additional sum as the Court may direct.
> (d) The court may dismiss the action if security is not given within 30 days after the service of a notice requiring security or an order requiring new or additional security.

personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b)(1); (*see also* Pl.'s Mot. at 1); *see also* 4 V.I.C. § 284. In support of her motion, Stephen avers that

> [i]t must be obvious that the court did not check its records prior to issuing it[s] order of dismissal. The only conclusion that can be arrived at is, that the Judge hoped that the bond would be so burdensome that plaintiff would be unable to pay. It is part of a pattern which has been exhibited by this Judge in other matters, including, (Civil No. 1994-60), which is presently on appeal before the Third Circuit; Civil No. 1997-218, in which the Judge refused to make a ruling [on] a writ of mandamus for almost 2 years; Civil No. [19]96-268, in which the Judge cancelled a hearing on the morning it was scheduled to prevent plaintiffs from making a record.[2] The actions of Judge Moore, in this and the other cases cited[,] shows the type of bias against the clients of this attorney that it would be impossible to expect an impartial ruling on his part in this matter.
>
> Defendant Bellows International, Ltd., showed bad faith in filing a motion to dismiss for failure to post the bond because looking at the computerized record in the District Court would have shown that the bond was paid.

(See Pl.'s Mot. at 2.)

The present situation called for investigation, not invective. It is crystal clear that Stephen's attorney did not look into the facts alleged in Bellows' renewed dismissal motion or bother to review the case file before signing and submitting the present motion for recusal. If counsel had checked the Court's records or "look[ed] at the computerized record in the District Court," (see *id.*), as he urged opposing counsel to do, he would have realized that the bond purchased by his client was never filed or entered on the case docket. (*See* App., *infra* (copy of docket, printed Feb. 9, 2000).) Instead, Stephen and her attorney accused Bellows and this

---

[2] *See infra* 2000 U.S. Dist. LEXIS 3181, *7-8 (discussing and rejecting cited cases as grounds for complaint of judicial antagonism).

tribunal of "bad faith," and charged that, judging from counsel's other experiences, "it would be impossible to expect an impartial ruling . . . in this matter." (*See* Def.'s Mot. at 2.) These are grave, unfounded accusations. The record of this case establishes that the undersigned judge harbors no bias against the plaintiff or her attorney, and has consistently applied reasonable interpretations of the law to the known facts. Stephen's attorney has not adduced evidence of personal, extrajudicial bias. He merely presents evidence of a decision predicated on an incomplete view of the facts: When Bellows moved for dismissal, and when the Court granted Bellows' motion, neither entity knew that Stephen had submitted security for costs. Accordingly, neither Bellows' motion nor the Court's dismissal order give rise to any appearance of impropriety.

Further, none of the District Court cases cited in Stephen's demand for recusal lend the thinnest reed of support to the allegation that the undersigned judge bears some animus toward her attorney. In *Trotman v. Trotman*, Civ. No. 1994-060, this judge conducted a bench trial and ruled in favor of the party represented by Stephen's attorney, awarding certain fees and costs. (*See* Orders, Civ. No. 1994-060, Aug. 19, 1997, Apr. 28, 1997.) In *Radinson v. Virgin Islands Housing Authority*, Civ. No. 1996-268, this judge cancelled a hearing without objection by Stephen's attorney because it could resolve the issues presented without argument. (*See* Pl.'s Mot., Civ. No. 1996-268, May 2, 1997.) Stephen's attorney did not "contend on appeal that [his clients] were not given an adequate opportunity to present evidence [to] the District Court." *See Radinson v. Virgin Islands Housing Auth.*, Civ. No. 96-268, slip op. at 5 n.1 (3d Cir. Jan. 21, 1998). Lastly, in the case of In re *Lionel Pratt*, Civil App. No. 1997-218, this judge scheduled the petition submitted by Stephen's attorney for hearing before the Appellate Division only three months after it was filed, and dismissed it within a year on counsel's request. The plaintiff's terse and inaccurate "laundry list" of cases in which her attorney suffered delays or disagreed with decisions of the Court would not lead a reasonable person to doubt the impartiality of the undersigned judge. Adverse rulings, delays, cancellations, and even errors sometimes arise out of judicial proceedings, but they do not generally provide grounds for recusal. *See, e.g., Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980); *Mayberry v. Maroney*, 558 F.2d 1159, 1162-63 (3d Cir. 1977).

■ Stephen's contention that the undersigned judge bears some deep-seated antagonism toward her attorney is especially perplexing when one considers that the Court declined to dismiss Bellows from these proceedings on four separate occasions last year. (See Orders, Oct. 13, 1999, Aug. 26, 1999, Aug. 23, 1999, July 23, 1999.) Her attorney's assumption that the Court's dismissal on the fifth instance must stem from extrajudicial bias both implies a improbable standard of judicial infallibility and confirms the depths to which civil advocacy has fallen. The Court will deny the plaintiff's unwarranted demand for recusal.

It remains for the Court to consider Stephen's demand for Bellows' reinstatement, which asks the Court to reconsider its previous dismissal order. "A motion for reconsideration serves to 'correct manifest errors of law or fact or to present newly discovered evidence.'" See *Bluebeard's Castle, Inc. v. Delmar Mktg., Inc.*, 32 V.I. 278, 284 (D.V.I. 1995) (quoting *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

Exhibit A to the plaintiff's motion, which evidences that her attorney submitted the required security on January 10, 2000, is not newly-discovered evidence. Stephen's attorney could have brought that document to the Court's attention by responding to Bellows' renewed motion to dismiss. He did not, and thus allowed the Court to receive the impression that his client had failed to provide one thousand dollars' security for costs as previously ordered, which ultimately led to Bellows' dismissal. "At best, this was professional negligence; at worst, it was incompetence." *M&T Mort. Corp. v. C'Aron White-Hamilton*, 49 F. Supp. 2d 802, 805 (D.V.I. 1999).

■ The Court is reluctant, however, to punish the plaintiff for the sloth of her counsel. Stephen's motion for reconsideration corrects an important error or omission in the facts generally known to the Court on February 2, 2000. (*See* Pl.'s Mot., Ex. A.) The Court will vacate its dismissal order and grant Stephen's motion to reinstate Bellows as a defendant. Stephen's demand for the return of her bond is moot. (*See* Order, Dec. 9, 2000.)

### ORDER

For the reasons delineated in the attached Memorandum, it is

ORDERED that the plaintiff's request for reinstatement of Bellows, Int'l, Ltd. as a defendant to this action is GRANTED. The Clerk of Court shall amend the docket to reflect that the plaintiff submitted security for costs on January 10, 2000, and the parties shall amend the caption in subsequent filings to reflect Bellows' return to these proceedings. It is further

ORDERED that the plaintiff's demands for return of her bond and disqualification of the undersigned judge are DENIED.

ENTERED this 3d day of March, 2000.